## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RONALD A. NAPIER,                          :

     Petitioner,                     :          CASE NO. C-1-01-511

vs.                                        :          JUDGE SPIEGEL

HAROLD CARTER, WARDEN,                      :          MAGISTRATE JUDGE
                                               SHERMAN

     Respondent.                     :


## PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 56, Petitioner respectfully requests that the Court issue an order granting summary judgment in his favor for the reasons set forth in the accompanying memorandum.


/s/ Keith A. Yeazel
KEITH A. YEAZEL (0041274)
65 SOUTH FIFTH STREET
COLUMBUS, OHIO 43215
(614) 228-7005
yeazel@netwalk.com
TRIAL ATTORNEY FOR
PETITIONER

# <u>TABLE OF CONTENTS</u>

| | | |
|---|---|---|
| I. | Introduction and Summary | 3 |
| II. | Procedural History | 6 |
| III. | Standard of Review | 6 |
| IV. | Law and Analysis | 8 |

|  |  |  |  |
|---|---|---|---|
| A. | First Claim for Relief | | 8 |
| | 1. | Supporting Facts | 8 |
| | 2. | Exhaustion and Procedural Default | 10 |
| | 3. | Merits | 10 |
| | 4. | AEDPA Standard of Review | 12 |
| | 5. | Harmless Error Analysis | 13 |
| B. | Second Claim for Relief | | 14 |
| | 1. | Supporting Facts | 14 |
| | 2. | Exhaustion and Procedural Default | 15 |
| | 3. | Merits | 16 |
| | 4. | AEDPA Standard of Review | 19 |
| | 5. | Harmless Error Analysis | 22 |
| C. | Third Claim for Relief | | 23 |
| | 1. | Supporting Facts | 23 |
| | 2. | Exhaustion and Procedural Default | 23 |
| | 3. | Statute of Limitations | 25 |
| | 4. | Merits | 28 |
| | 5. | De Novo Standard of Review | 29 |
| | 6. | Harmless Error Analysis | 29 |
| D. | Fourth Claim for Relief | | 30 |
| | 1. | Supporting Facts | 30 |
| | 2. | Exhaustion and Procedural Default | 30 |
| | 3. | Statute of Limitations | 31 |
| | 4. | Merits | 31 |
| | 5. | De Novo Standard of Review | 32 |
| | 6. | Harmless Error Analysis | 32 |

| | | |
|---|---|---|
| V. | Conclusion | 33 |
| | Certificate of Service | 34 |

## <u>MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

**I.    Introduction and Summary:**

Petitioner seeks summary judgment on the following issues:

1)    On his first claim for relief asserting that his Fifth and Sixth Amendments rights were violated when the trial judge and not the jury found that Petitioner was guilty of the sexually violent predator specification:

  a.    That the claim is exhausted;

  b.    That the claim is not subject to a procedural default defense;

  c.    That petitioner as a matter of law has established that his Fifth and Sixth Amendments rights were violated when the trial judge and not the jury found that he was guilty of the sexually violent predator specification;

  d.    That the state court of appeals' resolution of the claim was contrary to clearly established supreme court precedent announced in the cases of <u>United States v. Gaudin</u>, 515 U.S. 506, 522-23 (1995); <u>Duncan v. Louisiana</u>, 391 U.S. 145, 149 (1968); and <u>Singer v. United States</u>, 380 U.S. 24, 36 (1965);

  e.    That the state courts' failure to determine whether Napier knowingly, voluntarily and intelligently waived his right to a jury trial on the sexually violent predator specification is a structural error subject to automatic reversal.

2)    On his second claim for relief asserting that his Fifth and Fourteenth

Amendments rights regarding his right to not to be compelled as a witness against himself, double jeopardy, allocation of the burden of persuasion and production and rule lenity were violated:

    a.    That the claim is exhausted;

    b.    That the claim is not subject to a procedural default defense;

    c.    That petitioner as a matter of law has established that his Fifth and Fourteenth Amendments rights regarding his right to not to be compelled as a witness against himself, double jeopardy, allocation of the burden of persuasion and production and rule lenity were violated by the trial court and court of appeals;

    d.    That the state court of appeal's resolution of the claim was contrary to clearly established supreme court precedent announced in the cases of <u>Missouri v. Hunter</u>, 459 U.S. 359, 368-69 (1981); <u>In re Winship</u>, 397 U.S. 358, 364 (1970); <u>Carter v. Kentucky</u>, 450 U.S. 288, 305 (1981); <u>United States v. Universal C.I.T. Credit Corp</u>, 344 U.S. 218, 221 (1952); and <u>Bell v. United States</u>, 349 U.S. 81, 83 (1955);

    e.    That the state courts' placing a burden of production on Napier to establish a single animus was not harmless.

3)    On his third claim for relief asserting his Due Process rights under the Fourteenth Amendment were violated because his sexually violent predator conviction was based on insufficient evidence:

    a.    That the claim is exhausted;

    b.    That the claim is not subject to a procedural default defense;

  c.  That the claim is not barred by the statute of limitations;

  d.  That petitioner as a matter of law has established that his Due Process rights under the Fourteenth Amendment were violated because his sexually violent predator conviction was based on insufficient evidence;

  e.  That the claim is subject to de novo review by the District Court;

  f.  That the error was not harmless.

4) On his Fourth claim for relief asserting his Sixth Amendment and Due Process rights under the Fourteenth Amendment were violated because his trial and appellate counsel rendered ineffective assistance:

  a.  That the claim is exhausted;

  b.  That the claim is not subject to a procedural default defense;

  c.  That the claim is not barred by the statute of limitations;

  d.  That petitioner as a matter of law has established that his Sixth Amendment rights were violated when trial counsel failed to constitutionalize the objection concerning the necessity of a having a jury determine whether Napier was guilty of the sexually violent predator specification and Due Process rights under the Fourteenth Amendment were violated when his appellate counsel failed to raise a claim of ineffective assistance of trial counsel for failing to constitutionalize the objection concerning the necessity of a having a jury determine whether Napier was guilty of the sexually violent predator specification;

      e.      That the claim is subject to de novo review by the District Court;

      f.      That the error was not harmless.

## II.    Procedural History:

Petitioner relies upon Respondent's rendition of the procedural history of this case as outlined in the Return, pages 2 through 7.

## III.    Standard of Review:

The procedure for granting summary judgment is found in Fed.R.Civ.P.56(c), which provides:

> The judgment sought shall be rendered forthwith in the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the non-moving party. Adickes v. Kress & Co., 398 U.S. 144, 158-59 (1970).  Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which

that party will bear the burden of proof at trial.  Celotex Corp.  V. Catrett, 477 U.S.

317, 322 (1986); see also Matsushita Electric Industrial Co., Ltd.  v. Zenith Radio

Corp., 475 U.S. 574 (1986).

The Sixth Circuit Court of Appeals has recognized that Liberty Lobby,

Celotex, and Matsushita have effected "a decided change in summary judgment

practice," ushering in a "new era" in summary judgments.  Street v. J.C. Bradford

and Co., 886 F.2d 1472, 1476 (CA6 1989).  The court in Street identified a

number of important principles applicable in "new era" summary judgment

practice.  For example, complex cases and cases involving state-of-mind issues are

not necessarily inappropriate for summary judgment.  Id. at 1479.

In addition, when responding to a summary judgment motion, a non-moving

party "cannot rely on the hope that the trier of fact will disbelieve the movant's

denial of a disputed fact, but must 'present evidence in order to defeat a properly

supported motion for summary judgment.'"  Id.  (quoting Liberty Lobby, 477 U.S.

at 257).  The non-moving party must adduce more than a scintilla of evidence to

overcome the summary judgment motion.  Id.  It is not sufficient for the non-

moving party to merely "'show that here is some metaphysical doubt as to the

material facts.'"  Id.  (quoting Matsushita, 475 U.S. at 586).  Moreover, '[t]he trial

court no longer has a duty to search the entire record to establish that it is bereft of

genuine issue of material fact.'" Id.  That is, the non-moving party has an

affirmative duty to direct the court's attention to those specific portions of the

record upon which it seeks to rely to create a genuine issue of material fact.

## IV.    Law and Analysis:

### A.    <u>First Claim for Relief</u>

**The Petitioner's right to have any fact that increases the penalty for a crime beyond the prescribed statutory maximum-other than the fact of a prior conviction submitted to a jury and proved beyond a reasonable doubt, a right guaranteed by the Fifth and Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, was violated when the trial judge, and not the jury, found that Petitioner was a sexually violent predator and sentenced Petitioner to five additional years of incarceration to be consecutively to the maximum sentence for the underlying substantive offense.**

### 1.    Supporting Facts

Petitioner was indicted for one count of rape and one count of gross sexual

imposition against Tameika Howard. The rape count included a sexually violent

predator specification pursuant to R.C. § 2941.148. A jury found the defendant

guilty of both counts of the indictment. (TR. Vol. 3, p. 427).  Prior to the jury

being discharged, Petitioner's trial counsel requested off-the-record that, absent

waiver by Mr. Napier,  the jury hear the sexually violent predator specification.

(TR. Vol. 3, p. 430-31). The trial judge found expressly that Napier had elected to

waive his right to a jury trial based on conversations not on-the-record and further remarked "And we'll let the Court of Appeals decide what goes on." (TR. Vol. 3, p. 432).

Thereafter, the trial court conducted an evidentiary hearing at which it considered the merits of the sexually violent predator specification attached to the charge of rape in the indictment. Petitioner's trial counsel vociferously objected to the absence of the jury and the trial court's decision to decide the specification itself. (TR. Vol. 4, p. 438-39). No oral and no written waivers of the Petitioner's right to have the specification decided by the jury appear in the record. The trial court justified the decision to decide the specification itself by stating:

> I determined, and stand by my determination, it was not fair to that jury to tell them at that point, well now, ladies and gentlemen, you're going to go back and you're going to have to wait until we come up with jury instructions, and we're going to have you sit here and go through another hearing to determine whether or not the specification is a valid specification.
> (TR. Vol. 4, p. 442).

Petitioner's trial counsel consistently argued that the "waiver" was a misunderstanding and that at no time did Petitioner wish to waive his right to a jury finding on this specification. (TR. Vol. 4, p. 443). The finding of guilt on the "sexually violent predator specification" increased the statutory maximum penalty for rape.

9

### 2.    Exhaustion and Procedural Default

Petitioner raised this claim on direct appeal in the state court of appeals as Assignment of Error XIII. (Return of Writ Exhibit F  pg. 27). The state court of appeals decided this claim on its merits. (Return of Writ Exhibit H pg. 29-31). Thereafter, Petitioner presented the same claim to the Ohio Supreme Court in his Memorandum in Support of Jurisdiction as Proposition of Law X. (Return of Writ Exhibit I pg. 17) . The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Return of Writ Exhibit K).  Thus, Petitioner is entitled to summary judgment that this claim is exhausted and is not procedurally defaulted.

### 3.    Merits

The United States Supreme Court has clearly held that "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." United States v. Gaudin, 515 U.S. 506, 522-23 (1995).  A defendant may waive the right to a jury trial by obtaining the courts' approval and the consent of the prosecution, and if the defendant's waiver is knowing, voluntary and intelligent.  Singer v. United States, 380 U.S. 24, 36 (1965).  A jury waiver may be voluntary, knowing and intelligent if the defendant has a minimum amount of knowledge concerning

10

his jury trial right and the mental capacity to understand the implications of the waiver of that right. <u>Lott v. Coyle</u>, 261 F.3d 594, 615 (CA6 2001). A defendant is sufficiently informed to make an intelligent waiver if he was aware that a jury is composed of 12 members of the community, he may participate in the selection of the jurors, the verdict of the jury must be unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right. <u>United States v. Martin</u>, 704 F.2d 267, 273 (CA6 1983).

In Napier's case, the trial judge never informed him of his right to have the specification heard by a jury. The trial judge never engaged Napier in any sort of colloquy or inquiry to determine whether Napier was knowingly, voluntarily and intelligently waiving his right to a jury determination of the specification. The trial judge never questioned Napier's counsel as to whether there were any discussions between counsel and Napier concerning waving his right to have a jury hear the specification. Under such facts there is no basis for finding that Napier knowingly, voluntarily and intelligently waived his right to a jury determination of the specification. Petitioner is entitled to summary judgment that he did not knowingly, voluntarily and intelligently waive his right to a jury determination of the "sexually violent predator specification."

### 4.    AEDPA Standard of Review

In this case, the last state court to address this claim stated:

As noted the trial court found expressly that Napier had elected to waive his right to a jury trial based upon conversations not on the record. Napier's success on this issue turns entirely, therefore, upon whether the election under R.C. § 2971.02 must be in writing and of record.
(Return of Writ Exhibit H pg. 29).

Because the Ohio Court of Appeals based its decision on a legal issues rather than a factual determinations, the "unreasonable application" prong of 28 U.S.C. § 2254(d)(1) does not govern AEDPA analysis. See Doan v. Brigano, 237 F.3d 722, 730 (6th Cir. 2001) (holding that the "unreasonable application" prong did not apply in a case where the state court of appeals failed to correctly identify the governing legal principle).  Instead, analysis governed by the question of whether the state appellate court's adjudication of the claim "resulted in a decision that was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States ...." 28 U.S.C. § 2254(d)(1).  A state appellate court's decision is "contrary to" clearly established Supreme Court precedent only if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a [Supreme Court decision] and nevertheless arrives at a result different from

[Supreme Court] precedent." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000).

The Fourteenth Amendment to the United States Constitution incorporates the Sixth Amendment jury guarantee requiring, absent waiver, that a jury resolve factual elements of an offense. <u>Duncan v. Louisiana</u>, 391 U.S. 145, 149 (1968). Here, neither the state trial court or state court of appeals identified the governing constitutional principles as to whether there was a valid, knowing, intelligent and voluntary waiver of the right to have a jury decide the specification. The state trial court disposed of the issue on the grounds that the jury would be inconvenienced. The state court of appeals decided the issue on whether or not the election had to be in writing for purposes of complying with state law. Thus, Petitioner is entitled to judgment as a matter of law that the adjudication of this claim by the state courts was contrary to clearly established United States Supreme Court precedent in the cases of <u>United States v. Gaudin</u>, 515 U.S. 506, 522-23 (1995); <u>Duncan v. Louisiana</u>, 391 U.S. 145, 149 (1968); and <u>Singer v. United States</u>, 380 U.S. 24, 36 (1965).

### 5.    **Harmless Error Analysis**

Failing to determine whether a defendant knowingly voluntarily and intelligently waived his right to a jury trial is a structural error subject to automatic reversal. <u>United States v. Duarte-Higareda</u>, 113 F.3d 100, 1003 (CA9 1997). Thus,

Petitioner is entitled to summary judgment that the writ should issue as to his first

claim for relief.

**B.    Second Claim for Relief**

**The Petitioner's right not to be compelled to be a witness against
himself and his right to due process, both guaranteed by the Fifth
and Fourteenth Amendments to the United States Constitution, as
well as traditional rules of lenity and assignment of burden of
proof, were all violated by the courts of Ohio when a burden was
placed upon Petitioner to produce evidence supporting the
imposition of one sentence as opposed to the State bearing the
burden of producing evidence supporting the imposition of
multiple sentences.**

**1.    Supporting Facts**

The victim testified that Napier woke her by grabbing her throat. (TR. Vol.

2, pp. 236-37). The victim stated that Napier told her to pull her shorts and panties

down and to lay on the bed. (TR. Vol. 2, p. 237).  Then Napier allegedly rubbed

the victim's vagina and inserted his penis. (TR. Vol. 2, p. 238). The jury convicted

Napier of both gross sexual imposition and rape. (Return of Writ Exhibits B&C).

At the sentencing hearing, Petitioner's trial counsel moved that the convictions for

gross sexual imposition and rape be merged for purposes of sentencing. (TR. Vol.

4, p 503). The trial judge overruled the motion and sentenced Petitioner for each

conviction, running the sentences consecutive to one another. (TR. Vol. 4, pp. 504, 511).

On appeal, the Hamilton County Court of Appeals framed the issue as turning upon whether the acts constituting the two convictions stemmed from separate animi or the same animus-the latter conclusion supporting merger of convictions for purposes of sentencing. (Return of Writ Exhibit H pg. 16-20). The court of appeals held that, in the absence of any evidence in the record pointing to either conclusion (an absence of evidence for which the court of appeals faulted Petitioner), they must conclude that there were separate animi and therefore affirmed the imposition of multiple sentences in Petitioner's case. (Return of Writ Exhibit H pg. 20).

### 2.    Exhaustion and Procedural Default

Petitioner initially raised this claim on direct appeal in the state court of appeals as Assignment of Error VII. (Return of Writ Exhibit F pg. 20). The state court of appeals decided this claim on its merits.(Return of Writ Exhibit H pg. 16-20).  Thereafter, Petitioner presented the same claim to the Ohio Supreme Court in his Memorandum in Support of Jurisdiction as Proposition of Law VII. (Return of Writ Exhibit I pg. 14) . The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Return of Writ Exhibit K).

Thus, Petitioner is entitled to summary judgment that this claim is exhausted and is not procedurally defaulted.

### 3.    Merits

In <u>Benton v. Maryland</u>, 395 U.S. 784, 794 (1969), the United States Supreme Court held that the Fifth Amendment Guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment to the United States Constitution.  The Double Jeopardy Clause protects against multiple punishments for the same offense. <u>North Carolina v. Pearce</u>, 395 U.S. 711 (1969). Double jeopardy also bars prosecution for a lesser offense following conviction of a greater offense because the court cannot convict of the greater offense without also convicting of the lesser offense. <u>Payne v. Virginia</u>, 468 U.S. 1062 (1984).

The test for determining whether two offenses are sufficiently distinguishable to permit the imposition of multiple or cumulative punishment was promulgated in <u>Blockburger v. United States</u>, 284 U.S. 299, at 304 (1932):

> ". . . where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provisions requires proof of a fact the other does not."

However, there is an exception. Where a defendant is convicted at a single trial of two offenses, which would constitute a single offense under the <u>Blockburger</u> test,

16

multiple sentences do not violate the Double Jeopardy Clause if it is clear that the legislature intended the imposition of multiple punishments. See, <u>Missouri v. Hunter</u>, 459 U.S. 359, 368-69 (1981).  Petitioner submits that a determination of whether a double jeopardy violation exists turns on whether any clear expression of Ohio's legislative intent to impose multiple punishments can be found in R.C. § 2941.25 and accompanying judicial gloss.

According to the Ohio Supreme Court the purpose of the allied offenses statute (R.C. § 2941.25) is an attempt "to codify the judicial doctrine sometimes referred to as the doctrine of merger, and at other times the doctrine of divisibility of offense–which holds that a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect are merged in the major crime. <u>State v. Botta</u>, 27 Ohio St.2d 196, 201 (1971).

Under R.C. § 2941.25, a court must first determine whether the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other. <u>Newark v. Vazirani</u>, 48 Ohio St.3d 81, 83 (1990).  This inquiry is identical to the <u>Blockberger</u> test.  The Ohio Supreme Court has already determined for purposes of double jeopardy analysis that gross sexual imposition is a lesser included offense of rape. <u>State v. Johnson</u>, 36 Ohio St.3d

17

224 (1988).

In Napier's case,  the state court of appeals duplicated the Ohio Supreme Court's work in <u>Johnson</u>, supra and found that the elements of gross sexual imposition and rape correspond to such a degree that the commission of rape necessarily results in gross sexual imposition. (Return of Writ Exhibit H pg. 17). Since the state court of appeals found that the elements of gross sexual imposition and rape met a strict comparison-of-the-statutory-elements test they constitute a single offense under the <u>Blockburger</u> test. See, also <u>State v. Abi-Sarkis</u>, 41 Ohio App.3d 333 (1988).

As a result, one must proceed to the second inquiry under Ohio's allied offenses statute (which operationalizes the holding in  <u>Missouri v. Hunter</u>, 459 U.S. 359, 368-69 (1981)) and review the defendant's conduct to determine whether the crimes were committed separately or that there was a separate animus for each crime, if so then the defendant may be convicted and sentenced for both offenses. See,  <u>State v. Nicholas</u>, 66 Ohio St.3d 431, 434 (1993); <u>State v. Blankenship</u>, 38 Ohio St.3d 116, 117 (1988). The prosecution has the burden to establish how the defendant was possessed of a separate animus for each offense. <u>Newark v. Vazirani</u>, 48 Ohio St.3d at 84 (1990).

The state court of appeals addressed the second inquiry under the allied

18

offenses statute as follows:

> The determination of whether the defendant acted with a separate animus in committing two separate offenses is, in our view, largely a matter of what is, or is not, contained in the record. Here, there is no evidence of how long a time Napier rubbed around Tameika's vagina before raping her-whether it was less than a minute, five minutes, or ten minutes. There is, furthermore, no evidence to show whether the rubbing was originally intended as its own source of gratification, from which the intent to rape was then formed, or whether the rubbing was merely incidental to the rape. Tameika testified that the rubbing occurred as Napier was leaning over her, suggesting that it was not part of any act of physically subduing her. Her testimony that she began to cry as a result of the rubbing also indicates that the rubbing was its own injury and its own source of "danger, fear, and humiliation." The rape, however, did not involve more than one bodily orifice and appears to have been one uninterrupted episode.

> Upon review of the record, we simply cannot say that Napier has demonstrated that the vaginal rubbing and the rape were committed with the same animus. For us to hold that the rubbing was merely incidental to the rape would require us to speculate as to length and nature of the rubbing and what was going through Napier's mind at the time. The record is absolutely silent on these matters. His seventh assignment of error is, therefore, overruled.

(Return of Writ Exhibit H pgs. 19-20).

### 4.    AEDPA Standard of Review

When a state court decision articulates its reasoning but fails to address the relevant federal standard, a court on habeas review still applies AEDPA and determines whether the state court's decision is "contrary to" clearly established Supreme Court precedent as of the time of its decision.  Alley v. Bell, 307 F.3d

380 (CA6 2002).

The state court of appeals' resolution of Napier's second claim is contrary to clearly established United States Supreme Court precedent in a number of respects.

First, Petitioner's double jeopardy rights were violated as outlined in the merits section above.  Second, the state court of appeals decision effectively placed a retroactive burden upon Petitioner to produce evidence at trial – a condition clearly at odds not only with Petitioner's constitutionally guaranteed rights to due process and to remain silent, but also with traditional notions of fair play and substantial justice. It would have been inappropriate to require Petitioner to prove anything at trial. It is no more appropriate to require him to prove something on appeal that could only have been'"proved" either through his elicitation of evidence from the alleged victim at trial or from his own testimony at trial and then only if we assume his guilt.

The state court of appeals decision is at odds with clearly established supreme court precedent concerning the burden of proof.  The Due Process Clause requires that the prosecution have the burden of proof as to every element of the crime with which a defendant is charged. In re Winship, 397 U.S. 358, 364 (1970). This means that the government has the burden of production and the burden of

persuasion as to every element of the crime charged.  As previously set forth cumulative punishments for both gross sexual imposition and rape are barred by the double jeopardy clause because there was no showing of legislative intent to impose multiple punishments for the same act unless there was a separate animus. It was improper under <u>Winship</u>, to require Napier to prove a single animus where the state did not first establish a separate animus.

The state court of appeals decision holding that, since the record was silent on the issue of what was going through Napier's mind at the time,  the court must necessarily find a separate animus is contrary to United States Supreme Court precedent construing the Fifth Amendment. The Fifth Amendment prohibits a fact finder from drawing an inference of guilt from the choice not to testify. <u>Carter v. Kentucky</u>, 450 U.S. 288, 305 (1981).  In this case, the state court of appeals faulted Napier for not establishing what was going through his mind and drew an adverse inference that Napier had a separate animus.  It was improper under <u>Carter</u> for the court of appeals to penalize Napier for remaining silent.

The court of appeals decision also violates clearly established United States Supreme Court precedent concerning the application of the rule of lenity. The rule of lenity, incorporated into the double jeopardy clause requires only one punishment unless legislative intent to impose multiple punishments is shown.

United States v. Universal C.I.T. Credit Corp, 344 U.S. 218, 221 (1952); Bell v.

United States, 349 U.S. 81, 83 (1955).  In Napier's case, Ohio's legislative intent

to impose multiple punishments is shown only when the prosecution establishes a

separate animus.  In the absence of a showing by the prosecution of a separate

animus there was no legislative intent that Napier prove a single animus. Thus, the

state court decision was contrary to rule of lenity set forth in Bell and Universal

C.I.T. Credit Corp .

### 5.    Harmless Error Analysis

A court may not grant habeas relief if the error was harmless. Chapman v.

California, 386 U.S. 18, 24 (1967).  Ohio courts never reviewed these issues under

a harmless error standard.  Under AEDPA, the harmless error standard set out in

Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) applies even when a federal

habeas court is the first to review for harmless error.  Doan v. Brigano, 237 F.3d

722 (CA6 2001).  Under that standard, a petitioner must show that the trial error

"had substantial and injurious effect of influence in determining the verdict."

Brecht 507 U.S. at 637.

Here, placing a burden of production on Napier instead of where it is

constitutionally placed – on the government, necessarily had substantial and

injurious effect of influence in determining the outcome. Thus, the errors were not

harmless.

**C.    Third Claim for Relief**

**The trial court erred when it convicted Mr. Napier of a sexually violent predator specification, in the absence of sufficient evidence to support a conviction. This violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution.**

**1.    Supporting Facts**

R.C. § 2971.01 et seq., Ohio's sexually violent predator statute, provides in pertinent part that a defendant must have a previous conviction for a sexually violent offense in order to be eligible to be adjudicated a sexually violent predator. Furthermore, the statutory scheme provides that the prior offense must itself have been committed subsequent to the effective date of the statute, January 1, 1997. See, R.C. § 2971.01(H).  Mr. Napier sustained a prior conviction for gross sexual imposition on February 22, 1994.(TR. Vol.4, pg.486).

**2.    Exhaustion and Procedural Default**

Petitioner raised this claim in App.R. 26(B) proceedings as proposed assignment of error I. (Return of Writ Exhibit L pg. 4). The state court of appeals dismissed this claim as being untimely filed. (Return of Writ Exhibit O pg. 3). Thereafter, Petitioner presented the same claim to the Ohio Supreme Court in his Memorandum in Support of Jurisdiction as Proposition of Law I, A. (Return of

Writ Exhibit P pg. 7) . The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Return of Writ Exhibit R).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the Petitioner's failure to observe a state procedural rule.  Maupin v. Smith, 785 F.2d 135, 138 (CA6 1986). "First, the court must determine that there is a procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with that rule."  Id. Second, the court must determine whether the state courts actually enforced the state procedural sanction.  Id.  Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.  Id.  Finally, if the court has determined that a state procedural rule was not met, and that the rule was an adequate and independent state ground for decision, then the petitioner must demonstrate cause for failing to comply with the procedural rule and that he was actually prejudiced by the alleged constitutional error.  Id.

In Napier's case it is conceded that the first and second prongs of the Maupin test are met in that he failed to timely file the App.R. 26(B) Application to Reopen and the state court of appeals actually enforced the time requirement against him.  However, Petitioner argues that the timeliness bar in Ohio App.R.

24

26(B) is not an adequate and independent state ground of decision because it is not regularly followed by the Ohio Supreme Court. See, <u>Landrum v. Anderson</u>, 185 F.Supp.2d 868 (S.D.Ohio 2002). Thus, Petitioner is entitled to summary judgment that this claim is exhausted and is not procedurally defaulted.

### 3.    Statute of Limitations

Napier timely filed his petition asserting the first and second grounds for relief on July 31, 2001. Napier filed his amended petition containing grounds three and four on October 19, 2001. See, Civ.R.15 (a).

### (a)    28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d)(1) individual claims contained within a habeas petition are not reviewed separately for timeliness. Section 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an <u>application</u> for a writ of habeas corpus. . ." Thus, the statute directs a court to look at whether the "application" is timely not whether the individual "claims" within the application are timely. <u>Walker v. Crosby</u>, 341 F.3d 1240 (CA11 2003); <u>Sweger v. Chesney</u>, 294 F.3d 506, 514 (CA3 2002); 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure (4th ed. 2001) § 5.2b at 266-67 & n.70. As result, a court may not dismiss some claims as untimely and retain jurisdiction over other claims that are deemed timely. Instead, if the application is timely filed

all the claims contained therein are timely filed. Since his original petition was timely filed, Napier is entitled to summary judgment that his claims are not subject to the statute of limitations bar contained in 28 U.S.C. § 2244(d).

### (b)    Relation Back under Fed.R.Civ.P. 15(c)

Moreover, Petitioner asserts that grounds three and four "relate back" to his first claim for relief as those terms are used in Fed.R.Civ.P. 15(c) and as a result, those claims were timely filed. In his first claim for Relief, Petitioner asserted that the sexually violent predator specification should have been tried to a jury and not the judge. In Napier's third claim for relief, he asserts that his conviction on the sexually violent predator specification was based was based on insufficient evidence. In the fourth claim for relief, Napier alleges that his trial and appellate counsel were ineffective in preserving and presenting the merits of the first claim for relief.

In essence, the first, third and fourth claims for relief are an example of pleading multiple constitutional violations from a single set of historical facts. Rule 8 and 18 of the Federal Rules of Civil Procedure condone such a practice. All of the claims attack, albeit through different vehicles, the sexually violent predator specification. As long as the "claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original

26

pleading" the amended pleading "relates back" to the date of the timely filing of

an original pleading. See, Fed.R.Civ.P. 15(c)(2). Petitioner asserts that, in the

context of habeas proceedings, the "relation back" requirement is satisfied so long

as the amended claims attack the same judgment of conviction or sentence.

The pre-existing liberal standard for amendment under Fed.R.Civ.P. 15

applies to habeas petitions in nonopt-in States. See, Calderon v. Ashmus, 523

U.S. 740, 750 (1998) (Breyer, J., concurring). Such a position is supported by

analogous Supreme Court case law. A plaintiff brought a FELA action against a

railroad alleging violations of 45 U.S.C. § 51. Subsequently, after the 2-year

statute of limitation had run, the plaintiff amended the complaint to add a new

claim under the Boiler Inspection Act contained in 45 U.S.C. § 22. The United

States Supreme Court held that, notwithstanding the expiration of the statute of

limitation, the amendment was proper under Fed.R.Civ.P. 15(c). Tiller v. Atlantic

Coast Line R. Co., 323 U.S. 574 (1945). More recently, in Stewart v. Martinez-

Villareal, 523 U.S. 637, 643-44 (1998), the Court implicitly recognized that a

second petition "relates back" to the first when it held that the filing of a petition

or claim that was not ripe followed by refiling the petition or claim when it is ripe

constitutes only one petition.

In light of Supreme Court precedent, Petitioner asserts that amendments

which seek to advance a new claim of theory of relief arising out of a common nucleus of operative fact do "relate back"to the initial petition. Moreover, such a position is a proper interpretation of Fed.R.Civ.P. 15(c) and is in accordance the stated purpose of that rule which is to ameliorate the effect of a statute of limitations. See, Advisory Committee Notes, 1966 Amendment.  Thus, Petitioner is entitled to summary judgment that his Third and Fourth Claims for Relief relate back to the initial petition and are not therefore, barred by the statute of limitation.

### 4.    Merits

R.C. § 2971.01(H)(2)(a)  provides in pertinent part that a defendant must have a prior sexually violent offense to be adjudicated a sexually violent predator. Furthermore, the statutory scheme provides that the prior offense must itself have been committed subsequent to the effective date of the statute, January 1, 1997. See, R.C. § 2971.01(H)(1).  Because Mr. Napier's prior conviction for gross sexual imposition was entered February 22, 1994, that conviction cannot sustain a sexually violent predator specification. Where the government fails to sustain its burden of proof on any element a defendant must be acquitted. In re Winship, 397 U.S. 358, 363 (1970).  As a result, due to insufficient evidence Mr. Napier should never have been convicted of the specification.

### 5.    De Novo Standard of Review

By its very language, 28 U.S.C. § 2254(d) is applicable only to habeas claims that were adjudicated on the merits in state court. Since the Ohio Court of Appeals based its decision on timeliness grounds and did not reach the underlying merits of the issues, the state court did not assess that he merits of the claim. In such a situation, the AEDPA standard is inapplicable and a habeas court reviews questions of law and mixed questions of law and fact de novo.  See Maples v. Stegall, 340 F.3d 433, 436 (CA6 2003); Newton v. Million, ___ F.3d ___, 2003 FED App. 0407P (6th Cir)(November 17, 2003).

### 6.    Harmless Error Analysis

A reasonable fact-finder, armed with the proper legal definition of the necessary elements for determining a "sexually violent predator specification" under Ohio law,  would have concluded that the evidence was insufficient to establish the time constraints on the "prior conviction element.  For this reason, there is grave doubt as to whether omission of the timeliness aspect of the prior conviction for purposes of establishing the sexually violent predator specification was harmless error. O'Neal v. McAnnich, 513 U.S. 432, 436 (1995).

**D.**    **Fourth Claim for Relief**

> **Mr. Napier was denied his Sixth Amendment right to the effective assistance of counsel both at trial and on direct appeal. Mr. Napier's trial counsel failed to frame his objection to the denial of his right to have a jury determine the sexually violent predator specification as a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mr. Napier's appellate counsel failed to raise trial counsel's ineffectiveness as an assignment of error on direct appeal.**

**1.    Supporting Facts**

Mr. Napier's trial counsel objected to the determination of the sexually violent predator specification by the trial court rather than by a jury. (TR. Vol. 3, pp. 430-31). What trial counsel did not do in an explicit fashion was bring to the trial court's attention the federal constitutional arguments raised in Ground One, supra.

**2.    Exhaustion and Procedural Default**

Petitioner raised this claim in App.R. 26(B) proceedings as proposed assignment of error III. (Return of Writ Exhibit L pg. 5). The state court of appeals dismissed this claim as being untimely filed. (Return of Writ Exhibit O pg. 3). Thereafter, Petitioner presented the same claim to the Ohio Supreme Court in his Memorandum in Support of Jurisdiction as Proposition of Law I, C. (Return of Writ Exhibit P pg. 7) . The Ohio Supreme Court dismissed the appeal as not

involving any substantial constitutional question. (Return of Writ Exhibit R).

For the reasons previously set forth in Section IV, C, 2 of this memorandum, and under the authority of <u>Landrum</u>, supra, Petitioner is entitled to summary judgment that this claim is exhausted and is not procedurally defaulted.

### 3.    Statute of Limitations

Petitioner respectfully refers that Court to the arguments previously made in Section IV, C, 3 of this memorandum and asserts that he is entitled to judgment as a matter of law that his Fourth Claim for Relief is not subject to a statute of limitation bar.

### 4.    Merits

The failure of trial counsel to constitutionalize his arguments concerning the requirement that jury rather than the trial judge hear the sexually violent predator specification was deficient performance that resulted in prejudice to Mr. Napier. Had Mr. Napier's trial counsel presented the argument properly, there is more than a reasonable probability that the trial judge would have reconsidered his ruling and allowed Mr. Napier to exercise his right to a trial by jury on the issue of the sexually violent predator specification.

Mr. Napier's state appellate counsel should have raised trial counsel's ineffectiveness as an assignment of error on direct appeal. The failure to do so

constitutes ineffective assistance of appellate counsel. Had this assignment of error been raised, there is a reasonable probability that the result on appeal would have been different. Strickland v. Washington, 466 U.S. 668, 687-688 (1984). The State Court of Appeals would have reversed the conviction on the sexually violent predator specification on federal constitutional grounds and remanded the case so the Mr. Napier could exercise his right to trial by jury on the specification.

### 5.    De Novo Standard of Review

Petitioner respectfully refers the Court to the legal standards outlined in Section IV, C, 5 of this memorandum and asserts that this claim should be reviewed de novo.

De novo review of the merits of this claim establishes that Petitioner has met both the performance and prejudice prongs of the Strickland test.  Under such circumstances, Napier is entitled to issuance of the writ.

### 6.    Harmless Error Analysis

Even though the ineffective assistance of trial counsel in failing to object to what amounted to constitutional error, a court may not grant habeas relief if that error was harmless. Chapman v. California, 386 U.S. 18, 24 (1967).  Under AEDPA, the harmless error standard set out in Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) applies even when a federal habeas court is the first to review for

harmless error.  <u>Doan v. Brigano</u>, 237 F.3d 722 (CA6 2001).  Under that standard, a petitioner must show that the trial error "had substantial and injurious effect of influence in determining the jury's verdict." <u>Brecht</u> 507 U.S. at 637.

A reasonable lawyer, armed with the knowledge of all the legal requirements for finding a sexually violent predator specification would have constitutionalized his objections that any element which increases the statutory maximum imprisonment term for an offense must, absent waiver, be submitted to a jury and proved beyond a reasonable doubt.  For this reason, there is grave doubt as to whether Petitioner received effective assistance of counsel at trial and on direct appeal.

## V.    Conclusion

For the reasons outlined above, Petitioner respectfully requests that the Court grant summary judgment in his favor on the issues outline in Section I of this memorandum.

Respectfully submitted,

/s/ Keith A. Yeazel
KEITH A. YEAZEL (0041274)
65 SOUTH FIFTH STREET
COLUMBUS, OHIO 43215
Yeazel@netwalk.com
(614) 228-7005
ATTORNEY FOR PETITIONER

33

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served upon:

Diane Mallory
Assistant Attorney General
Corrections Litigation Section
140 East Town Street – 14th Floor
Columbus, Ohio 43215

utilizing the CM/ECF system, this 29th day of November, 2003.

s/ Keith A. Yeazel

_____

Keith A. Yeazel