# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**RONALD NAPIER,**
              **Petitioner,**

**-V-**                                          **Case No. C-1-01-511**
                                                 **Judge Spiegel**
                                                 **Magistrate-Judge Sherman**

**HAROLD CARTER, Warden**
              **Respondent.**


### PETITIONER NAPIER'S REPLY MEMORANDUM
### IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Respondent claims that a motion for partial summary judgment is not appropriate and is superfluous in habeas proceedings because the decisional paradigm contained in 28 U.S.C. § 2243 provides the rule of decision. Frankly, Respondent's position is myopic at best and not supported by any rational argument as to the extension, modification or reversal of existing law. That is because for 25 years practice and procedure in habeas proceedings has been governed by rule and not statute.

Under 28 U.S.C. § 2072(a) Congress conferred upon the Supreme Court the power "to prescribe general rules of practice and procedure . . . in United States district courts. . ." Pursuant to that authority, the Supreme Court in 1976 adopted "Rules Governing Section 2254 Cases in the United States District Courts" which became effective February 1, 1977. Rule 11 of the Rules Governing Section 2254 Proceedings, makes the provisions of the Federal Rules of Civil Procedure applicable to § 2254 proceedings to the extent that they are not inconsistent with other habeas rules. Motions for summary judgment are, of course, authorized under Rule 56 of the

Federal Rules of Civil Procedure. It is Petitioner's position that motions for summary judgment are not inconsistent with the habeas rules.

For example, Habeas Rule 8(a) governing evidentiary hearings contemplates dispositive motion practice because it employs the terms "if the petition is not dismissed at a previous stage in the proceeding. . ." See also, Habeas Rule 8, 1976 Advisory Committee Notes (including a dismissal under Rule 4; a dismissal pursuant to a motion by respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record). Morever, Habeas Rule 5, requires that Respondent file a detailed answer responding "to the allegations of the petition." The advisory committee note to Habeas Rule 5, contemplates that the attorney general may avoid filing a formal answer by raising procedural defenses such as exhaustion by motion. Habeas Rule 5, 1976 Advisory Committee Notes. Finally, Habeas Rule 5 (and the general procedure set up by the entire set of rules) does not contemplate a traverse to Respondent's answer except in special circumstances. Habeas Rule 5, 1976 Advisory Committee Notes. Thus, the only way, short of an evidentiary hearing, that a Petitioner may respond to the allegations contained in an answer or return is by way of a dispositive motion authorized by the Federal Rules of Civil Procedure. Therefore, there is no conflict between the Habeas Rules and summary judgment proceedings under Fed.R.Civ.P. 56.

Summary judgment is appropriate in a habeas proceeding where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Valles v. Lynaugh, 835 F.2d 126, 127 (CA5 1988); Liles v. Saffle, 945 F.2d 333 (CA10 1991), cert.denied, 112 S.Ct. 956 (1992). Even prior to the creation of the habeas corpus rules, a district court had the power to discharge a habeas corpus petitioner from state custody without conducting an evidentiary hearing, when the facts were undisputed and established a denial of a

petitioner's constitutional rights.  Walker v. Johnston, 312 U.S. 275, 284 (1941).  There is simply no basis for arguing that summary judgment proceedings are not available to a petitioner in a habeas action.

Moreover, Respondent's slavish adherence to outdated statutory modes of procedure contained in 28 U.S.C. § 2243 does have any basis in law.  Under 28 U.S.C. § 2072(b), "all laws in conflict with such [habeas] rules shall be of no further force or effect after such rules have taken effect."  Therefore, to the extent that the Habeas Rules, including the applicability of summary judgment proceedings, are in conflict or are irreconcilable with 28 U.S.C. § 2243, it is the statutory proceedings that must give way.  Respondent's position is untenable.

As to the merits of Petitioner's Motion for Summary Judgment, when responding to a summary judgment motion, a non-moving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford and Co., 886 F.2d 1472, 1476 (CA6 1989) (quoting Liberty Lobby, 477 U.S. at 257).  The non-moving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

Here, Respondent has merely rested on the pleadings. As the non-moving party Respondent has not presented any evidence upon which it relies to defeat Petitioner's properly supported motion for summary judgment.  Respondent has not directed the Court to those specific portions of the record which negate Petitioner's claims or create genuine issues of material fact.  Respondent has merely suggested, quite erroneously, that summary judgment is a not procedural device that Petitioner may use to narrow the issues.  Conversely, Petitioner has properly made and supported his partial motion for summary judgment in accordance with

-3-

Fed.R.Civ.P. 56(C).

In light of the above, Petitioner requests that the Court grant him partial summary judgment on the issues presented in his previously filed motion for the reasons set forth therein and in this reply memorandum.

Respectfully submitted,

s/ Keith A. Yeazel

_____
KEITH A. YEAZEL (0041274)
65 SOUTH FIFTH STREET
COLUMBUS, OHIO 43215
(614) 228-7005
ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

Diane Mallory, AAG
Corrections Litigation Section
14th Floor
140 East Town Street
Columbus, Ohio 43215-6001

by utilizing the CM/ECF system, this 24th day of December, 2003.

s/ Keith A. Yeazel

_____
Keith A. Yeazel

-4-