IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD A. NAPIER, | : | |
| Petitioner, | : | CASE NO. C-1-01-511 |
| vs. | : | JUDGE SPIEGEL |
| HAROLD CARTER, WARDEN, | : | MAGISTRATE JUDGE PERELMAN |
| Respondent. | : | |

**PETITIONER'S OBJECTIONS TO REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

Pursuant to Fed.R.Civ.P. 72, Petitioner lodges specific objections to the proposed findings and recommendations of the Magistrate Judge filed February 26, 2004, for the reasons set forth in the accompanying memorandum.

s/ Keith A. Yeazel

_____
KEITH A. YEAZEL (0041274)
65 SOUTH FIFTH STREET
COLUMBUS, OHIO 43215
(614) 228-7005
Yeazel@ netwalk.com
TRIAL ATTORNEY FOR
PETITIONER

## MEMORANDUM IN SUPPORT

I.   INTRODUCTION

On February 26, 2004, Magistrate Judge Perelman filed a report and recommendation that:

(1) Petitioner is not entitled to relief based on the ineffective assistance of counsel claims alleged in Ground Four of the amended petition;

(2) Petitioner is not entitled to relief based on his claim alleged in Ground One that he was denied his constitutional right to have the sexually violent predator specification tried by a jury;

(3) Petitioner is not entitled to relief based on the double jeopardy "multiple punishment" claim alleged in Ground Two;

(4) Petitioner is not entitled to relief based on the claim alleged in Ground Three that the evidence was insufficient to support the trial court's determination of guilt on the sexually violent predator specification;

(5) Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended, and petitioner's summary judgment motion be denied with prejudice;

(6) A certificate of appealability should not issue with respect to the ineffective assistance of counsel claims alleged in Ground Four, which have been addressed on the merits, because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). However, a certificate of appealability should issue with

respect to the constitutional claims alleged in Grounds One, Two and Three because reasonable jurists could debate whether these claims should have been resolved in a different manner and, alternatively, whether the issues presented in these grounds for relief are "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U. S. 473, 484 (2000) (in turn quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); and

(7) With respect to any application by petitioner to proceed on appeal in forma pauperis, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore GRANT petitioner leave to appeal in forma pauperis upon a showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

Petitioner objects to the Magistrate Judge's recommendation that he is not entitled to relief based on his claim alleged in Ground One that he was denied his constitutional right to have the sexually violent predator specification tried by a jury and files specific objections to the proposed findings.

## II.    STANDARD OF REVIEW

Reconsideration of a magistrate's report and recommendation is governed by 28 U.S.C. §636(b)(l). According to its provisions, a judge may assign a magistrate the responsibility of making proposed findings of fact and recommending the disposition of

3

certain "dispositive" motions, including motions for summary judgment. 28 U.S.C. §636(b)(l)(B). Should a party object to these proposed findings and recommendations, the judge must make a de novo determination on the contested portions. 28 U.S.C. §636(b)(l); U.S. v. Raddatz, 447 U.S. 667, 673-74(1980); Roland v. Johnson, 856 F.2d 764, 769 (6th Cir. l988). Failure to do so constitutes reversible error. E.E.O.C. v. Keco Industries, Inc., 748 F.2d l097, ll02 (6th Cir. l984). In conducting a de novo review, the judge is free to accept, reject, or modify any of the magistrate's findings and recommendations. 28 U.S.C. §636(b)(l); Raddatz, 447 U.S. at 673-74, 680. With the correct standard of review in mind, Petitioner now turns his attention to the merits of the specific objections

### III.   OBJECTIONS TO REPORT AND RECOMMENDATION

> **The Report and Recommendation incorrectly indicates that: Petitioner is not entitled to Relief Based on his claim alleged in Ground One that he was denied his constitutional right to have the sexually violent predator specification tried by a jury. (R&R p. 15)**

Petitioner alleged in Ground One that he was deprived of his right guaranteed by the Sixth Amendment and Due Process Clause of the Fourteenth Amendment to have any fact, other than the fact of a prior conviction, that increased the penalty for the crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt when the trial court refused defense counsel's on-the-record request to have the "sexually violent predator" specification tried before a jury.

The Report and Recommendation found "that under Apprendi, petitioner had a

right guaranteed by the Sixth Amendment to a jury trial on the sexually violent predator specification, which was violated when the trial court refused defense counsel's request for a jury trial on the specification without first obtaining and ensuring petitioner's personal, knowing and voluntary waiver of his jury trial right. (R&R p. 28). The Report and Recommendation concluded that at the time of his trial and conviction, Petitioner had no recognized right under the Sixth Amendment to a jury trial on the sexually violent predator specification because Apprendi does not apply retroactively to cases on collateral review. (R&R pp. 30-31) See, Goode v. United States, 305 F.3d 378, 382-85 cert.denied, 537 U.S. 1096 (2002).

    Petitioner submits that, very soon, Goode might not be good law. The United States Supreme Court has granted certiorari in the case of Schiro v. Summerlin, 03-526 (cert. granted December 1, 2003) (case below: 341 F.3d 1082 (9th Cir.)(en banc)) to resolve the issue of whether the rule first announced in Apprendi and applied to capital cases in Ring v. Arizona applies retroactively to cases on collateral review. Specifically, the questions presented in Summerlin are: (1) Did the Ninth Circuit err by holding that the new rule announced in Ring ["Capital defendants, no less than non-capital defendants, we conclude, are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."] is substantive, rather than procedural, and therefore exempt from the retroactivity analysis of Teague v. Lane, 489 U.S. 288 (1989)(plurality)? (2) Did the Ninth Circuit err by holding that the new rule announced in Ring applies retroactively to cases on collateral review under Teague's

5

exception for watershed rules of criminal procedure that alter bedrock procedural principles and seriously enhance the accuracy of the proceedings?

In light of the grant of certiorari, the Court should re-examine whether <u>Goode</u> provides the rule of decision. The Court may want to stay this action pending a decision in <u>Summerlin</u>.

## IV. CONCLUSION

Given the fact that the United States Supreme Court has granted certiorari and will decide whether or not <u>Apprendi</u> and its progeny <u>Ring</u> apply retroactively to cases on collateral review the Court should reconsider whether <u>Goode</u> provides the rule of decision in this action. Therefore, Petitioner respectfully requests that the Court not adopt the Magistrate Judge's report and recommendation in toto.

Respectfully submitted,

s/ Keith A. Yeazel

_____
Keith A. Yeazel (0041274)
65 South Fifth Street
Columbus, Ohio 43215
(614) 228-7005
yeazel@netwalk.com

Trial Attorney for Petitioner Ronald A. Napier

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing "Petitioner's Objections to Report and Recommendation of Magistrate Judge" was served upon:

Diane Mallory
Assistant Attorney General
Corrections Litigation Section
9th Floor
140 East Town Street
Columbus, Ohio 43215-6001

by utilizing the CM/ECF system, this 7th day of March, 2004.

s/ Keith A. Yeazel
_____
Keith A. Yeazel