UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD NAPIER,

        Petitioner,        Case No. C-1-01-511

    v.                          Judge Spiegel

HAROLD CARTER,        Magistrate Judge Perelman

        Respondent.

**RESPONDENT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION FILED FEBRUARY 26, 2004**

On February 26, 2004, a Report and Recommendation was filed in the above-captioned case. Respondent hereby objects.[1]

---

[1] The Magistrate's Report and Recommendation was signed on February 23, 2004. However, it was filed on February 26, 2004, and notification of said filing was e-mailed to counsel, i.e., counsel was served via e-mail, on February 26, 2004. (See docket sheet, R. 22) Pursuant to Rule Civ.R. 72, a party may file objections within ten days after being served with a copy of the Report and Recommendation. Pursuant to Civ.R. 6(a), when a period of time prescribed or allowed is less than eleven days, intermediate Saturdays and Sundays are excluded in the computation. Ten days after February 26, 2004, the date counsel was served via e-mail, excluding intermediate Saturdays and Sundays, is March 11, 2004. Thus, objections are due on March 11, 2004. According to the Court's docket sheet and docket text beside document R. 22, objections are due on March 8, 2004. That date is incorrect. The objections are due on March 11, 2004, which is ten days after February 26, 2004, excluding intermediate Saturdays and Sundays.

Petitioner ("Napier") filed a petition for a writ of habeas corpus in which he asserted two grounds for relief (Grounds One and Two). He subsequently filed an amended petition in which he asserted two additional grounds (Grounds Three and Four). In Respondent's Return of Writ, Respondent argued that the new claims presented in the amended petition, grounds three and four, are time-barred.

In the Report and Recommendation, the Magistrate Judge declined to address the statute of limitations issue and assumed, without deciding, that the claims presented in grounds three and four are not time-barred. He addressed all four claims on the merits and concluded that all four claims are without merit and recommended that the petition be denied on that basis.

Respondent agrees that all four claims are without merit, but objects to the Magistrate's failure to find that the claims presented in grounds three and four are time-barred.

  A. **Summary of Statute of Limitations Argument**

In Respondent's Return of Writ, Respondent argued that the claims presented in grounds three and four and time-barred. To summarize the argument, Napier's conviction became final on August 1, 2000, 90 days after the Ohio Supreme Court denied his direct appeal.[2] The statute of limitations began running at that time, and it expired on August 1, 2001, absent any tolling. Napier did not file any action in state court during that year that would

---

[2] Napier did not file a petition in the United States Supreme Court seeking certiorari review of his convictions.

have tolled the limitation period. He filed a Rule 26(B) Application on September 14, 2001, after the statute of limitations had already expired. Therefore, the Rule 26(B) Application had no effect on the timeliness of his petition. Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000).

Napier filed his original habeas petition, in which he presented his first two grounds for relief, on July 31, 2001, the day before the limitation period expired.[3] Therefore, the two claims presented in that original petition are timely. He filed the amended petition in which he presented the claims in grounds three and four on October 19, 2001, after the limitation period had expired. Therefore, those claims are time-barred.

Although a party may amend a complaint pursuant to Civ.R.15(c), a petitioner may not use Rule 15(c) to assert untimely claims. "A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period." United States v. Duffus, 174 F.3d 333, 338 (3rd Cir. 1999). The court may allow an amendment to clarify a claim initially made, but to allow new claims to be filed after the statute of limitations has expired would frustrate the intent of Congress and would be contrary to the policy of the AEDPA. Duffus, p. 337-8. Also see other cases cites in Respondent's Return of Writ.

---

[3] The instant habeas petition does not toll the limitation period under §2244(d)(2) because it is not an application for state review of any kind. It neither seeks state post-conviction review nor other state collateral review. Duncan v. Walker, 533 U. S. 167 (2001).

B.  **Magistrate's Failure to Address Statute of Limitations**

The Magistrate declined to address the statute of limitations issue because of confusion over the effect of a Rule 26(B) Application on the statute of limitations, citing Lambert v. Warden, Ross Correctional, 81 Fed. Appx. (6th Cir. 2003). (Report and Recommendation, p. 7-8)

In White v. Schotten, 201 F.3d 743 (6th Cir. 2000), the Court held that a Rule 26(B) Application is part of direct review and that, therefore, the defendant is entitled to appointed counsel. That decision has created confusion, particularly as to the effect of a Rule 26(B) application on the AEDPA statute of limitations. In Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000), the Court directly confronted the tension created between the White decision and AEDPA's statute of limitations. Since the statute of limitations begins at the conclusion of direct review, and since White held that a Rule 26(B) action is part of the direct review, it would have been logically consistent for the Bronaugh Court to rule that the statute of limitations begins to run at the conclusion of the Rule 26(B) proceeding. The Bronaugh Court, however, recognized that since Rule 26(B) actions can be filed years after a conviction is otherwise final, such a result would have eviscerated the statute of limitations for Ohio defendants. The Court was unwilling to indefinitely delay the running of the limitation period until after the Rule 26(B) action was decided, so the Court reached a decision which avoided that undesirable result but was logically inconsistent with White. The Bronaugh Court decided to treat a Rule

26(B) action as a tolling action for statute of limitations purposes despite White's holding that such an action is part of direct review.

As noted above, the White decision has generated considerable confusion and controversy, and the state courts have universally refused to follow White's requirement that appointed counsel is required in a Rule 26(B) proceeding.[4] See Lambert, **12-13. The Lambert court clearly disagrees with and disdains the White holding. "Failing to follow White, and thus holding that 26(B) applications are part of collateral review, would have few unfavorable consequences. . . Nevertheless, in a panel decision, good policy, judicial economy, and sound reason cannot trump binding precedent. A panel of this court cannot overrule the decision of another panel, however mistaken." Lambert, at **27-8. In an effort to demonstrate the error, absurdity and continuing uncertainty created by White, at least in the opinion of undersigned counsel, the Lambert panel followed White to its logical conclusion and ruled that the AEDPA statute of limitations begins running anew at the conclusion of a Rule 26(B) proceeding, a result which, if followed by the lower courts, would eviscerate the statute of limitations for petitioners convicted in Ohio.

Lambert is an unpublished opinion. Although it directly conflicts with Bronaugh, Bronaugh is a published case and is therefore controlling. Pursuant to Bronaugh, a Rule 26(B) Application tolls the statute of limitations, but does not restart it:

---

[4] Pursuant to Rule 26(B)(6)(a), if the court grants the Rule 26(B) Application and reopens the appeal, the court must appoint counsel.

> It is important to note that Bronaugh will not be able to benefit from his delay in bringing a Rule 26(B) application to reopen direct appeal by requesting that §2244(d)(1)(A)'s one-year statute of limitations not begin until after his Rule 26(B) application has run its course through the courts. Instead, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts.

Bronaugh, 235 F.3d at 286.

The judicially created doctrine of stare decisis, meaning "to abide by, or adhere to, decided cases," is a fundamental feature of American jurisprudence compelling lower courts to follow the decisions of higher courts on questions of law. 18 Moore's Federal Practice, §134.01 (Matthew Bender 3d ed.) citing Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 953 (1992). Under stare decisis, a federal district court in a circuit owes obedience to a published decision of the court of appeals in that circuit and must follow it until the court of appeals overrules it. United States v. Mitlo, 714 F.2d 294, 298 (3d Cir. 1983); In re Korean Airlines Disaster, 829 F.2d 1171, 1173-74 (D.C. Cir. 1987) aff'd on other grounds sub. nom. Chan v. Korean Air Lines, Ltd., 490 U.S. 122 (1989). The Sixth Circuit has likewise stated that "a prior published opinion of this Court is binding unless either an intervening decision of the United States Supreme Court requires modification of the prior opinion or it is overruled by this court sitting en banc." United States v. Roper, 266 F.3d 526, 530 (6th Cir. 2001).

Sixth Circuit rules of practice confirm that reliance upon unpublished cases is disfavored, carving exceptions only for "establishing res judicata, estoppel, or the law of the case." 6 Cir. R. 28(g). The rule further emphasizes

the point that only published cases are to be relied upon as precedent, stating that "if a party believes, nevertheless that an unpublished disposition has precedential value in relation to a material issue in a case **and that there is no published opinion that would serve as well**, such decision may be cited. . ." 6 Cir. R. 28(g).  (emphasis added).

It is the obligation of this Court to adhere to the precedential published decisions of the Sixth Circuit on a particular point of law.  The Bronaugh Court was fully aware of White, and indeed the reasoning in Bronaugh expressly clarified White regarding the AEDPA's statute of limitations.  For a district court to redetermine the effect of a Rule 26(B) proceeding and fail to follow Bronaugh would be abhorrent to the principles of consistency and fairness that underlie the doctrine of stare decisis, see Thomas v. Washington Gas Light Co., 448 U.S. 261, 272, (1980), and would undermine "public faith in the judiciary as a source of impersonal and reasoned judgments."  Moragne v. States Marine Lines, Inc., 398 U.S. 375, 403, (1970).

Pursuant to the doctrine of stare decisis, Bronaugh is controlling here, and, under Bronaugh, Napier's Rule 26(B) Application did not start the limitation period running anew.

## CONCLUSION

Under the rationale of Bronaugh, Napier's Rule 26(B) Application did not restart the running of the statute of limitations. Therefore, the limitation period expired before he filed his amended petition, and the claims presented in that amended petition are time-barred. Respondent objects to the Magistrate's failure to so find.

Respectfully submitted,

Jim Petro
Ohio Attorney General


S/Diane Mallory
Diane Mallory (0014867)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/Diane Mallory