IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD A. NAPIER, | : | |
| Petitioner, | : | CASE NO. C-1-01-511 |
| vs. | : | JUDGE SPIEGEL |
| HAROLD CARTER, WARDEN, | : | MAGISTRATE JUDGE PERELMAN |
| Respondent. | : | |

### PETITIONER'S MEMORANDUM CONTRA RESPONDENT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION FILED FEBRUARY 26, 2004

Petitioner responds to the objections set forth in "RESPONDENT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION FILED FEBRUARY 26, 2004" for the reasons set forth in the accompanying memorandum.

s/ Keith A. Yeazel

_____
KEITH A. YEAZEL (0041274)
65 SOUTH FIFTH STREET
COLUMBUS, OHIO 43215
(614) 228-7005
Yeazel@ netwalk.com
TRIAL ATTORNEY FOR
PETITIONER

## **MEMORANDUM IN SUPPORT**

Respondent claims that Petitioner's Grounds Three and Four are barred by the statute of limitation set forth in 28 U.S.C. § 2244(d). Respondent's assertion of a time bar is without merit because Respondent does not fully appreciate the fact Civil Rule 15 applies to habeas proceedings. C.f. <u>Banks v. Dretke</u>, ___U.S.___, 02-8286 (Decided February 24, 2004). The purpose of Civ.R.15(c) dealing with the relation back of amendments is to ameliorate the effect of a statute of limitations.

Napier filed his petition containing Grounds One and Two within the period set forth in statute of limitation. After the limitation period expired Napier then filed an amended petition setting forth Grounds Three and Four. The rule (Civ.R. 15(c)) respecting relation back of amendments abolishes any defense of intervening statute of limitations between amendments to pleadings. <u>Biedler v. Hurst</u>, 22 FRD 264 (DC Pa 1958).

Under the facts of this case and long established precedent, it is irrelevant whether Petitioner's Ohio App.R. 26(B) filing tolled the statute of limitation. Neither <u>Bronaugh</u> or <u>White</u> deal with the issue of relation back of amendments. Here, the original petition was timely filed. In accord with Civ.R. 15 amendments to the petition relate back to the time of the original filing so as to ameliorate any effect of a statute of limitation.

In light of the foregoing, the Court should overrule Respondent's objections.

                                                Respectfully submitted,

        s/ Keith A. Yeazel

        _____

        Keith A. Yeazel (0041274)
        65 South Fifth Street
        Columbus, Ohio 43215
        (614) 228-7005
        yeazel@netwalk.com

        Trial Attorney for Petitioner Ronald A. Napier

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing "Petitioner's Memorandum Contra Respondent's Objections to Magistrate's Report and Recommendation filed on February 26, 2004" was served upon:

Diane Mallory
Assistant Attorney General
Corrections Litigation Section
9th Floor
140 East Town Street
Columbus, Ohio 43215-6001

by utilizing the CM/ECF system, this 10th day of March, 2004.

        s/ Keith A. Yeazel

        _____

        Keith A. Yeazel