ROBERT REGGIE OLESON, Petitioner-Appellant, v. UNITED STATESOF AMERICA, Respondent-Appellee.

No. 00-1938

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

27 Fed. Appx. 566; 2001 U.S. App. LEXIS 27018

December 14, 2001, Filed

NOTICE:

[**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

PRIOR HISTORY: ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN. 97-00053. McKeague. 07-20-00.

DISPOSITION: AFFIRMED.

CASE SUMMARY:

PROCEDURAL POSTURE: Petitioner prisoner's motion to amend his *28 U.S.C.S. § 2255* motion based on Apprendi was denied because it was mailed one day after the United States District Court for the Western District of Michigan dismissed his habeas motion. The prisoner appealed the denial of his habeas motion and his motion to amend. The instant court granted certificate of appealability on the issue of whether the district court erred in denying the motion to amend.

OVERVIEW: The appellate court found that the motion to amend was futile and would have been barred even if it were timely. The prisoner's proposed amendment was subject to the *28 U.S.C.S. § 2255* one-year statute of limitations, affirmative defense. The prisoner's July 24, 2000, amendment was not timely because it was filed more than one year after the June 15, 1995, entry of judgment, and more than one year after the Anti-Terrorism and Effective Death Penalty Act became effective. Although the appellate court evaluated the amendment for futility, which was a component of the interests-of-justice analysis, it neither applied nor rejected the interests-of-justice approach used by the district court. Because both alternatives led to the same result, the district court's opinion was affirmed without deciding the question of whether a *Fed. R. Civ. P. 15(a)* motion was barred, as a matter of law, once the underlying *28 U.S.C.S. § 2255* motion was denied.

OUTCOME: The denial of the prisoner's motion was affirmed.

CORE TERMS: motion to amend, amend, retroactively, statute of limitations, futility, abuse of discretion, collateral review, money laundering, interests-of-justice, one-year, final judgment, matter of law, retroactive, evaluated, sentence, vacated, futile, freely, proposed amendment, habeas corpus, conviction became final, affirmative defense, responsive pleading, rules of procedure, limitation period, matter of course, effective date, opposing party, deny a motion, de novo

LexisNexis (TM) HEADNOTES - Core Concepts:

Criminal Law & Procedure: Sentencing: Imposition: Factors
[HN1] Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

Criminal Law & Procedure: Habeas Corpus: Habeas Corpus Procedure
[HN2] A district court's denial of a motion to amend a habeas corpus motion is governed by *Fed. R. Civ. P. 15*.

Civil Procedure: Pleading & Practice: Pleadings: Amended Pleadings
[HN3] See *Fed. R. Civ. P. 15(a)*.

27 Fed. Appx. 566, *; 2001 U.S. App. LEXIS 27018, **

Civil Procedure: Pleading & Practice: Pleadings: Amended Pleadings
[HN4] *Fed. R. Civ. P. 15(a)* mandates that a court freely grant leave to amend when justice so requires. In evaluating the interests of justice, courts consider several factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. Furthermore, courts have interpreted the language in Rule 15(a) as setting forth a liberal policy of permitting amendments to ensure the determination of claims on their merits. In furtherance of that principle, the United States Court of Appeals for the Sixth Circuit acknowledges that, in general, a Rule 15(a) motion should not be evaluated purely on timeliness grounds.

Civil Procedure: Pleading & Practice: Pleadings: Amended Pleadings
Civil Procedure: Appeals: Standards of Review: Abuse of Discretion
[HN5] A district court's denial of a motion to amend is generally reviewed for an abuse of discretion. The United States Court of Appeals for the Sixth Circuit explains that a district court abuses its discretion where it fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. Despite the general applicability of the abuse of discretion standard of review, it does not govern every aspect of a *Fed. R. Civ. P. 15(a)* motion.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN6] The one-year bar contained in *28 U.S.C.S. § 2255* acts as an affirmative defense and not a jurisdictional bar.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN7] The Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations applies to amendments to *28 U.S.C.S. § 2255* motions.

Criminal Law & Procedure: Sentencing: Imposition: Factors
[HN8] Apprendi does not recognize retroactively applicable rights.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN9] A party cannot amend a *28 U.S.C.S. § 2255* petition to add a completely new claim after the statute of limitations has expired.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN10] See *28 U.S.C.S. § 2255.*

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN11] In cases where the conviction became final prior to Anti-Terrorism and Effective Death Penalty Act's effective date, courts grant a one-year grace period from the AEDPA's effective date for defendants to seek *28 U.S.C.S. § 2255* relief.

COUNSEL: ROBERT REGGIE OLESON, Petitioner - Appellant, Pro se, Oxford, WI.

For UNITED STATES OF AMERICA, Respondent - Appellee: John C. Bruha, Lloyd K. Meyer, Office of the U.S. Attorney for the Western District of Michigan, Grand Rapids, MI.

JUDGES: BEFORE: MOORE and COLE, Circuit Judges; O'MEARA, * District Judge.

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

OPINIONBY: R. GUY COLE, JR.

OPINION: [*567]

R. GUY COLE, JR., Circuit Judge. Robert Reggie Oleson is a federal prisoner whose motion to amend his pro se § 2255 habeas corpus motion based on the Supreme Court's recent Apprendi decision[**2] was denied because it was mailed one day after the district court dismissed the underlying habeas motion. For the following reasons, the district court did not err in denying Oleson's motion to amend. Therefore, the denial of Oleson's motion is AFFIRMED.

I. BACKGROUND

On August 25, 1993, a jury convicted petitioner-appellant, Robert Oleson, of twenty-two counts of drug-related federal crimes. Oleson's convictions consisted of one count of conspiracy to distribute marijuana under *21 U.S.C. §§ 841* and *846*; one count of aiding and abetting the possession of marijuana with the intent to distribute

27 Fed. Appx. 566, *; 2001 U.S. App. LEXIS 27018, **

in violation of *21 U.S.C. § 841* and *18 U.S.C. § 2;* nineteen counts of interstate travel in aid of racketeering in violation of *18 U.S.C. § 1952;* and one count of money laundering in violation of *18 U.S.C. § 1956.* Based on these convictions, the district court sentenced Oleson to 300 months imprisonment. Oleson appealed his convictions and sentence. On appeal, we vacated the money laundering conviction, affirmed the remaining convictions, and remanded the case for resentencing. [**3] *United States v. Oleson, 44 F.3d 381 (6th Cir. 1995),* overruled by *United States v. Reed, 77 F.3d 139 (6th Cir. 1996)* (en banc). The vacatur of Oleson's money laundering conviction had no effect on the district court's resentencing -- on June 15, 1995, final judgment was entered, which [*568] again sentenced Oleson to 300 months imprisonment. Oleson did not directly appeal that judgment.

Oleson did challenge his convictions and sentence through alternate routes, however. On January 3, 1996, Oleson filed a § 2255 motion, citing six grounds for habeas corpus relief. After making little progress, Oleson moved to "withdraw" his habeas motion, and on December 11, 1996, the district court dismissed Oleson's § 2255 motion without prejudice.

The voluntary dismissal did not mark the end of Oleson's challenges to his convictions and sentence. On April 18, 1997, Oleson refiled a § 2255 motion for habeas corpus relief. In that motion, he alleged several instances of prosecutorial misconduct and ineffective assistance of counsel. Oleson also claimed that his property was seized in violation of the Fifth Amendment, that his baggage was unconstitutionally searched[**4] and seized, that his convictions were not supported by sufficient evidence, and that his money laundering conviction was retroactively misjoined with his other convictions. On September 24, 1999, a magistrate judge issued a Report and Recommendation advising the district court to deny Oleson's habeas motion. On December 3, 1999, Oleson filed objections to the magistrate judge's order. On Thursday, July 20, 2000, the district court approved the magistrate judge's order, over Oleson's objections, and denied Oleson's § 2255 motion.

Approximately a month before the denial of Oleson's habeas motion, on June 26, 2000, the United States Supreme Court decided *Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).* Apprendi held that " [HN1] other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id. at 490.*

In a motion postmarked Friday, July 21, 2000, and received by the district court on Monday, July 24, 2000, Oleson sought to amend his § 2255 motion to include a challenge to his convictions[**5] based on the Apprendi decision. Because Oleson's motion to amend was postmarked a day after the denial of his habeas motion, and received four days after the habeas denial, the district court dismissed Oleson's proposed amendment. Oleson subsequently appealed the district court's denial of his habeas motion and his motion to amend. This court granted Oleson a certificate of appealability on only one issue: whether the district court erred in denying Oleson's motion to amend. This issue is now before this Court.

## II. DISCUSSION

### A.

[HN2] A district court's denial of a motion to amend a habeas corpus motion is governed by *Rule 15 of the Federal Rules of Civil Procedure.* See *28 U.S.C. § 2242* P 3 (explaining that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Hodges v. Rose, 570 F.2d 643, 649 (6th Cir. 1978)* ("Amendment of a petition for habeas corpus is governed by 'the rules of procedure applicable to civil actions.'") (quoting *28 U.S.C. § 2242).* Here, where Oleson seeks to amend his habeas motion to challenge his convictions[**6] based on the Supreme Court's Apprendi decision -- and not to have his pleading conform to evidence presented at trial -- Rule 15(a) applies. Compare *FED. R. CIV. P. 15(a)* with *FED. R. CIV. P. 15(b).* Rule 15(a) provides that:
[HN3]
A party may amend the party's pleadings once as a matter of course at any [*569]time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave of court shall be freely given when justice so requires . . . .

*FED. R. CIV. P. 15(a)* (emphasis added).

As its text makes clear, [HN4] Rule 15(a) mandates that a court freely grant leave to amend when justice so requires. *FED. R. CIV. P. 15(a); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995).* In evaluating the interests of justice, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated[**7] failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of

amendment." *Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998)* (quoting *Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994))*. Furthermore, courts have interpreted the language in Rule 15(a) as setting forth a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987)* (quoting *Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982))*. In furtherance of that principle, this Circuit has acknowledged that, in general, a Rule 15(a) motion should not be evaluated purely on timeliness grounds. *Coe v. Bell, 161 F.3d at 342* (explaining that "delay by itself is not sufficient to deny a motion to amend"); see also *United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)* (explaining that "ordinarily delay alone is not a basis to deny a motion to amend").

With these interests-of-justice concerns in mind, [HN5] a district court's denial of a motion to amend is generally reviewed for an abuse of discretion. See [**8] *Coe, 161 F.3d at 341* (reviewing a denial of a motion to amend a habeas petition for an abuse of discretion); *Hodges, 570 F.2d at 649* ("The grant or denial of a motion for leave to amend under Rule 15 is within the sound discretion of the District Court, and will be reversed only for an abuse of discretion."). This Circuit has explained that a district court abuses its discretion where it "fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986)*. Despite the general applicability of the abuse of discretion standard of review, it does not govern every aspect of a Rule 15(a) motion. For instance, in Parry v. Mohawk Motors of Michigan, Inc., this Circuit held that the futility of proposed Rule 15 amendments is evaluated de novo. *236 F.3d 299, 306 (6th Cir. 2000)* ("We generally review a district court's denial of a motion to amend a complaint for abuse of discretion. However, when the district court's decision is based on a legal conclusion that the proposed amendment would[**9] be futile, we review the denial of the motion to amend de novo.") (citations omitted).

B.

Here, the district court denied Oleson's motion to amend because the motion to amend was filed after the district court denied Oleson's underlying § 2255 motion. Apparently, the district court believed that a Rule 15(a) motion cannot, as a matter of law, be brought after a § 2255 habeas motion is denied. To date, this Circuit has not recognized that principle as a rule of law. Rather, we have emphasized that Rule 15 seeks to ensure that cases are decided on their merits. See, e.g., *Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982)* ("The thrust of Rule

15 is to reinforce the [*570] principle that cases should be tried on their merits rather than the technicalities of pleadings."). And, in furtherance of this principle, we have, on rare occasion, allowed Rule 15 amendments after judgment is entered. n1 Nevertheless, it does not appear that we have ever allowed an amendment to a § 2255 motion after the § 2255 motion is denied.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - - - -

n1 See *Saalfrank v. O'Daniel, 533 F.2d 325, 330 (6th Cir. 1976)* ("In certain circumstances, *Rule 15, Fed. R. Civ. P.*, may be availed of to permit an amendment after judgment and a realigning of the parties."); *Lloyd v. United Liquors, Inc., 203 F.2d 789, 793 (6th Cir. 1953)* (explaining that "Rule 15(b) further evinces the purpose of the rule makers to have been that material amendments shall be freely allowed to accomplish the presentation of an action on its merits" and that "certain amendments may be made even after judgment"); see also *Newark Branch, N.A.A.C.P. v. Town of Harrison, New Jersey, 907 F.2d 1408, 1417 (3d Cir. 1990)* ("Accordingly, courts have held that grants for leave to amend complaints should be routinely granted to plaintiffs, even after judgments of dismissal have been entered against them, if the appropriate standard for leave to amend under *Fed. R. Civ. P. 15(a)* is satisfied."); but see *Sparrow v. Heller, 116 F.3d 204, 205 (7th Cir. 1997)* ("It is appropriate for a district court to refuse to allow a plaintiff to amend the complaint after judgment had been entered on the ground that plaintiff did not first move to have the judgment set aside."); *Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996)* ("Once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."); *Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1179 (7th Cir. 1992)* ("It is well-settled that after a final judgment, a plaintiff may amend a complaint under 15(a) only with leave of court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated."); *Ferris v. Santa Clara County, 891 F.2d 715, 718 (9th Cir. 1989)* ("Where a final judgment is entered and an action is dismissed, amendments to pleadings may be made only with leave of court."); *Feddersen Motors, Inc. v. Ward, 180 F.2d 519, 523 (10th Cir. 1950)* ("The right granted by *Federal Rule of Civil Procedure 15(a)*, 28 U.S.C.A., to amend the complaint once as a matter of course ended with the entry of the judgment dismissing the action.

27 Fed. Appx. 566, *; 2001 U.S. App. LEXIS 27018, **

Thereafter, the pleading could be amended only with leave of the court."); *Roque v. City of Redlands, 79 F.R.D. 433, 436 (C.D. Cal. 1978)* ("The Court may consider a rule 15(a) motion for leave to amend which follows an order or judgment of dismissal only if the Court first alters, vacates, or sets aside the order or judgment under either rule 59 or rule 60(b)."); see also 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1489 (2d ed. 1990) ("Most courts faced with the problem have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60.").

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

[**10]

We need not determine whether the allowance of such an amendment is permissible here because the motion to amend is futile and would be barred even if it were timely. Oleson's proposed amendment is subject to the § 2255 one-year statute of limitations affirmative defense. See *Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001)* (holding that [HN6] the one-year bar contained in § 2255 acts as an affirmative defense and not a jurisdictional bar). Oleson's July 24, 2000 amendment is not timely because it was filed more than one year after the June 15, 1995 entry of judgment, n2 and more than one year after the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996. n3 See *28 U.S.C. § 2255;* see also *United States v. Craycraft, 167 F.3d 451, 456 (8th Cir. 1999)* [*571] (holding that [HN7] the AEDPA one-year statute of limitations applies to amendments to § 2255 motions). Nor do other exceptions to the § 2255 statute of limitations apply to save Oleson's claim. Of particular note is that *§ 2255 P 6*(3) n4 does not save Oleson's amendment because that exception applies only to rights recognized[**11] by the Supreme Court that are retroactively applicable to cases on collateral review and [HN8] Apprendi did not recognize retroactively applicable rights. n5 See *In re Clemmons, 259 F.3d 489, 492-93 (6th Cir.2001)* (barring a second § 2255 motion which sought to retroactively apply Apprendi because was not retroactive in effect). Finally, Oleson's amendment does not escape the AEDPA statute of limitations by "relating back" to previous claims -- Oleson's amendment raises an entirely new argument. See generally *FED. R. CIV. P. 15(c); United States v. Thomas, 221 F.3d 430, 436 (3d Cir.2000)* ("[A] [HN9] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.").

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - - -

n2 [HN10] See *28 U.S.C. § 2255 P 6* ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -- (1) the date on which the judgment of conviction becomes final . . . .").

n3 See *Johnson v. United States, 246 F.3d 655, 658 (6th Cir. 2001)* (" [HN11] In cases where the conviction became final prior to AEDPA's effective date, we have granted a one-year grace period from the AEDPA's effective date for defendants to seek § 2255 relief.").

[**12]

n4 See *28 U.S.C. § 2255 P 6* ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .").

n5 As another basis for futility, four of our sister circuits have held that even initial § 2255 habeas motions seeking to retroactively apply Apprendi are not permitted because Apprendi was not retroactive in its effect. *United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir.2001)* (explaining that because Apprendi is not retroactive in its effect, it may not be used as a basis to collaterally challenge a conviction); *United States v. Moss, 252 F.3d 993, (8th Cir.2001)* ("We hold today that Apprendi is not of watershed magnitude and that Teague bars petitioners from raising Apprendi claims on collateral review."); *McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001)* ("The new constitutional rule of procedure announced in Apprendi does not apply retroactively on collateral review. Consequently, McCoy, whose conviction became final before the Supreme Court announced Apprendi, cannot now collaterally challenge his conviction on the basis of a claimed

27 Fed. Appx. 566, *; 2001 U.S. App. LEXIS 27018, **

Apprendi error."); *Jones v. Smith, 231 F.3d 1227, 1238 (9th Cir. 2000)* (refusing to retroactively apply Apprendi to a collateral challenge to discrepancies between an information and jury instructions). The Sixth Circuit has not issued a decision of precedential value on this issue. But see *Snyder v. United States, 23 Fed. Appx. 212, 2001 U.S. App. LEXIS 18109, No. 01-1258, 2001 WL 1298954,* at *2 (Aug. 7, 2001) (Wallace, J., 9th Cir., sitting by designation); but cf. *In re Clemmons, 259 F.3d 489, 492-93 (6th Cir. 2001).* And, although under the law of our four sister circuits Oleson's motion to amend would be futile, this is not the occasion for us to address the extent of Apprendi's retroactive effect.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

[**13]

Although we evaluated Oleson's amendment for futility, which is a component of the interests-of-justice analysis, we neither apply nor reject the interests-of-justice approach here. Rather, we affirm the district court's opinion because both alternatives lead to the same result. If, as a matter of law, it is correct to bar a Rule 15(a) motion to amend after the underlying § 2255 motion is dismissed, then the district court was correct in denying Oleson's motion to amend. Similarly, if it is correct to apply an interests-of-justice analysis, Oleson's motion to amend would still be denied due to its futility. Because both alternatives lead to the same result, we affirm the district court's opinion without deciding the question of whether a Rule 15(a) motion is barred, as a matter of law, once the underlying § 2255 motion is denied. For those reasons, the district court's order denying Oleson's motion to amend is AFFIRMED.