```
              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

RONALD A. NAPIER            :
                            :      NO. 1:01-CV-00511
    Petitioner,           :
                            :
                            :      **ORDER**
  v.                        :
                            :
                            :
HAROLD CARTER,              :
                            :
    Respondent.           :

On July 31, 2004, Petitioner Ronald A. Napier ("Napier") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, subsequently amended to include two additional grounds for relief (docs. 3, 14). The Respondent filed an Answer/Return of Writ on June 9, 2003, and Napier filed a motion for summary judgment approximately six months later (doc. 19). The Respondent responded thereto (doc. 20), and the Petitioner replied (doc. 21). The assigned Magistrate Judge subsequently issued a Report and Recommendation (doc. 22) recommending that Petitioner's motion for summary judgment be denied and that the petition for writ be dismissed. Both parties filed objections to the Report and Recommendation (docs. 23, 24), and both parties responded or otherwise filed subsequent briefs with the Court (docs. 25, 26). The matter is therefore fully briefed and ripe for decision.

Upon review de novo review pursuant to 28 U.S.C. § 636(b)(1), the Court concludes that the Magistrate Judge's Report

and Recommendation is thoughtful and well reasoned in all significant respects, and the objections thereto are ultimately unmeritorious. Given the thoroughness of the Magistrate Judge's 48-page decision, it would be unnecessarily duplicative for the Court to review in detail the nature of the Petitioner's claims and the disposition thereof. Petitioner's objections, deserve brief mention.

Petitioner objected to the Magistrate Judge's determination that his claim in Ground One – namely, that he was denied his constitutional right to have his sexually violent predator specification tried by a jury – by suggesting that Goode v. United States, 305 F.3d 378, 382-85 (6th Cir. 2002) on which the decision was based might be overruled. It suggested that the Court withhold decision until the Supreme Court decided Schiro v. Summerlin, S. Ct. No. 03-526 (2003), in which the Supreme Court would decide whether the jury rights first recognized in Apprendi v. New Jersey, 530 U.S. 466 (2000) applied retroactively to cases already final on direct review. Since then, however, the Supreme Court has issued its opinion in Schiro and concluded that it does not apply retroactively. See Schiro, – U.S. –, 124 S.Ct. 2519, 2522-26 (2004). Goode, therefore, remains good law – at least in this context – and Petitioner's objection on this ground is therefore unfounded.

The only remaining question for consideration concerns

Napier's right of appeal of this Order.  The Supreme Court of the United States has held that whenever a petitioner seeks to appeal dismissal of a petition after April 24, 1996, his right to do so is governed by 28 U.S.C. § 2253.  See Slack v. McDaniel, 529 U.S. 473, 481-82 (2000).  This statute provides that a petitioner may only appeal a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" if this Court or "a circuit justice" issues a "certificate of appealability" ("COA").  28 U.S.C. § 2253(c)(1).  The Court agrees with the Magistrate Judge's conclusion that, on these facts, Petitioner has demonstrated that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotations marks and citations omitted); see also 28 U.S.C. § 2253(c).   Accordingly, the Court finds granting Napier a certificate of appealability of this Order as to grounds one, two, and three in his petition proper.  However, he has failed to make a substantial showing of the denial of any constitutional right in the fourth ground in his petition, and any certificate of appealability as to the Court's finding as to this claim will therefore be denied.

       Accordingly, Petitioner's Objections to the Report and Recommendation (doc. 23) are OVERRULED.  Respondent's Objections to the Magistrate Judge's Report and Recommendation (doc. 24) are

OVERRULED.  The Magistrate Judge's Report and Recommendation (doc. 22) is ADOPTED IN ITS ENTIRETY.  Petitioner's petition for writ of habeas corpus, as amended (docs. 1, 3) is DENIED.  Petitioner's Motion for Summary Judgment (doc. 19) is DENIED. The Court hereby ISSUES a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1) only with respect to grounds one, two, and three of the petition.  The Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order with respect to grounds one, two and three of the petition would be taken in good faith.  Petitioner is hereby GRANTED leave to proceed <u>in forma pauperis</u> on appeal of this Order with respect to these grounds.

      SO ORDERED.

Dated: September 30, 2004    <u>s/S. Arthur Spiegel        </u>
                                          S. Arthur Spiegel
                                          United States Senior District Judge