NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-4365

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FEB 0 9 2006

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| RONALD A. NAPIER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| HAROLD E. CARTER, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

O R D E R

Before: MOORE and MCKEAGUE, Circuit Judges; POLSTER, District Judge.*

Ronald A. Napier, an Ohio state prisoner, appeals through counsel a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Counsel have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).

In 1998, a jury found Napier guilty of rape and gross sexual imposition involving his girlfriend's fourteen-year-old daughter. The trial judge found Napier guilty of a sexually violent predator specification on the rape count, and sentenced him to ten years for rape, one and one-half years for gross sexual imposition, and five years on the sexually violent predator specification, to run consecutively for a total of sixteen and one-half years of imprisonment. The conviction was affirmed on direct appeal in the state courts, and Napier's motion to reopen his direct appeal was denied as untimely.

---

*The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

No. 04-4365
- 2 -

This petition for federal habeas corpus relief, as originally filed, raised two claims for relief. Napier later moved to amend the petition to raise two additional issues. The matter was then referred to a magistrate judge, who recommended that the petition be denied after extensive discussion of the merits. Napier objected only as to the recommended disposition of his first claim for relief. The district court adopted the magistrate judge's recommendation to deny the petition, and granted a certificate of appealability on the first three issues set forth in the petition, as amended. We denied Napier's application for a certificate of appealability on his fourth claim. The certified issues have now been briefed.

Napier's first claim was that he was denied his Sixth Amendment right to a jury trial on the sexually violent predator specification, because the trial judge found him guilty of the specification, which increased his sentence by five years. The district court adopted the magistrate judge's conclusion that the law at the time of Napier's trial did not provide for a jury trial right on sentence enhancement factors. The Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a jury must find any facts which increase the maximum sentence for an offense, was new law which we have concluded does not apply retroactively to cases on collateral review. *Goode v. United States*, 305 F.3d 378, 382-85 (6th Cir. 2002). In his brief on appeal, Napier now cites to *United States v. Gaudin*, 515 U.S. 506, 522-23 (1995), as authority which existed at the time of his conviction. However, that case involved the Sixth Amendment right to a jury trial on the elements of the offense. The right to a jury trial on sentencing enhancement factors had not been established prior to *Apprendi*. Therefore, the district court correctly rejected this claim on the merits.

Napier's second claim for relief was that his consecutive sentences for rape and gross sexual imposition violated the Double Jeopardy Clause, and that the state court of appeals erred in placing the burden on Napier to disprove the separate animus the trial judge found to require separate sentences for each offense. Initially, we note that Napier waived his right to appeal this issue by failing to object to the magistrate judge's recommended disposition of this claim. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Even if Napier's waiver were overlooked, the claim is meritless because we must defer to the trial judge's finding of a separate animus for each offense.

No. 04-4365
- 3 -

*McCullough v. Bennett*, 413 F.3d 244, 249 (2d Cir. 2005); *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). The state court of appeals also properly deferred to the trial judge's factfinding on this issue.

Napier's third claim was that his appellate counsel was ineffective in failing to argue that there was insufficient evidence to support the sexually violent predator specification because his prior sex offense was committed before the effective date of the specification statute. This claim may be disposed of on numerous grounds. First, Napier waived his right to an appeal on this issue by failing to object to the magistrate judge's recommended disposition of this claim. *Miller*, 50 F.3d at 380. Second, respondent persuasively argues that this claim, first raised in the amendment to the petition, is barred by the one-year statute of limitations, because new claims do not relate back to the filing of the initial petition. *Mayle v. Felix*, 125 S.Ct. 2562, 2566 (2005). Third, Napier procedurally defaulted this claim, which was rejected by the state courts on the ground that his motion to reopen was untimely. Napier cannot establish cause to excuse this default, as we have recently clarified that there is no right to counsel in motions to reopen in Ohio. *Lopez v. Wilson*, 426 F.3d. 339, 352 (6th Cir. 2005) (en banc). Finally, the magistrate judge properly concluded that appellate counsel could not be found ineffective for failing to anticipate that future caselaw would hold that the underlying conviction being commited after the effective date of the sentencing specification statute was insufficient, but that a distinct prior conviction after the effective date was required.

For all of the above reasons, the district court's denial of this petition for a writ of habeas corpus is affirmed.

ENTERED BY ORDER OF THE COURT

_____
Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

NANCY J. BARNES
(513) 564-7022
(FAX) 564-7096
www.ca6.uscourts.gov

Filed: February 9, 2006

Keith A. Yeazel
65 S. Fifth Street
Columbus, OH  43215

Diane Mallory
Office of the Attorney General
Corrections Litigation Section
150 E. Gay Street
16th Floor
Columbus, OH  43215-6001

RE: 04-4365
    Napier vs. Carter
    District Court No. 01-00511

Enclosed is a copy of an order which was entered today in the above-styled case.

(Ms.) Nancy Barnes
Case Manager

Enclosure

cc:
    Honorable S. Arthur Spiegel
    Mr. James Bonini